# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

Assigned on Briefs September 9, 2003

## DEDRIC D. PHILLIPS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 7164     Joseph H. Walker, Judge**

---

**No. W2003-00372-CCA-R3-PC  - Filed October 9, 2003**

---

The petitioner, Dedric D. Phillips, appeals the Lauderdale County Circuit Court's denial of his post-conviction relief petition. The petitioner entered guilty pleas to possession with intent to deliver less than .5 grams of cocaine and simple assault, and the trial court imposed an effective sentence of ten years as a Range III persistent offender. On appeal, the petitioner contends: (1) he received ineffective assistance of counsel; and (2) his guilty pleas were unknowingly and involuntarily entered. Upon review of the record and the applicable law, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JERRY L. SMITH, J., joined.

D. Michael Dunavant, Ripley, Tennessee, for the appellant, Dedric D. Phillips.

Paul G. Summers, Attorney General and Reporter; Helena Walton Yarbrough, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Tracey A. Brewer, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On September 13, 2001, the petitioner entered guilty pleas to simple assault, a Class A misdemeanor, and possession with intent to deliver less than .5 grams of cocaine, a Class C felony. *See* Tenn. Code Ann. §§ 39-13-101(b) (assault), -17-417(c)(2) (possession of cocaine with intent to deliver). The trial court sentenced the petitioner as a Range III persistent offender to concurrent terms of ten years for the cocaine conviction and eleven months and twenty-nine days for the assault conviction. Petitioner timely filed a petition for post-conviction relief.

## I. WAIVER

The petitioner contends his guilty pleas were unknowingly and involuntarily entered due to ineffective assistance of counsel. Although the post-conviction court's order reflects that the

transcript of the guilty plea was filed, it is not in the record before this court. We conclude the transcript of this proceeding is essential to our examination of these issues. It is the duty of the accused to provide a record which conveys a fair, accurate and complete account of what transpired with regard to the issues which form the basis of the appeal. Tenn. R. App. P. 24(b); *see* State v. Taylor, 992 S.W.2d 941, 944 (Tenn. 1999). Therefore, these issues are waived for failure to include the transcript in the appellate record. Regardless of waiver, we further conclude the petitioner's issues are without merit.

## II. POST-CONVICTION RELIEF HEARING

Defense counsel testified the petitioner was originally charged with possession with intent to deliver .5 grams or more of cocaine, a Class B felony, as a Range III persistent offender with a sentencing range of twenty to thirty years. The petitioner agreed to a criminal information and plea offer reducing the charge to a Class C felony with a sentencing range of ten to fifteen years as a Range III persistent offender. Defense counsel stated the petitioner agreed to enter a guilty plea to the cocaine charge as a Class C felony rather than risk a conviction at trial on the Class B felony. Defense counsel further stated she believed the plea agreement to be in the petitioner's best interest due to the proof presented by the state at the preliminary hearing.

Defense counsel testified that pursuant to the plea agreement, the trial court was to determine the length and manner of service of the petitioner's sentence. She stated that prior to the plea hearing, she and the petitioner discussed his prior record and the range of punishment for a Range III persistent offender. Defense counsel further stated she informed the petitioner that although he was eligible for alternative sentencing,[1] the trial court would decide the manner in which he was to serve his sentence. Defense counsel testified she did not assure the petitioner that he would receive alternative sentencing.

Defense counsel stated that at the sentencing hearing, the trial court noted the petitioner may have been statutorily eligible for alternative sentencing; however, it declined to grant alternative sentencing at that time.[2] The trial court imposed the minimum ten-year sentence and ordered the petitioner to serve a portion of his sentence before it would reconsider the matter. Defense counsel stated she informed the petitioner that she would file a motion to reconsider alternative sentencing on his behalf "if he remained in the county jail."

Defense counsel testified that after the petitioner entered the pleas, she received several letters from him and had numerous telephone conversations with him. While the petitioner was incarcerated at the county jail, defense counsel informed him that she would not file another petition until the petitioner had served six months of his sentence. Defense counsel stated she advised the petitioner that if he wished to file the motion on an earlier date, he should hire another attorney to

---

[1]The petitioner was not eligible for probation since the minimum possible sentence of ten years exceeded probation eligibility. *See* Tenn. Code Ann. § 40-35-303(a). However, the petitioner was eligible for community corrections. *See id*. § 40-36-106.

[2]The transcript of the sentencing hearing is not in the record before this court.

-2-

do so. Defense counsel testified she believed filing a motion on an earlier date would have been futile.

Defense counsel testified the petitioner was transferred from the county jail to the Tennessee Department of Correction (TDOC) on January 10, 2002. She stated she was not informed of the transfer until after it had occurred. Defense counsel further stated she advised the petitioner that the trial court had lost jurisdiction over him once he had been transferred to the TDOC.

The petitioner testified he pled guilty to a lesser charge and received the minimum ten-year sentence. He stated he felt defense counsel had performed well in negotiating a reduced sentence on his behalf. The petitioner testified that prior to the plea hearing, defense counsel assured him that he would receive alternative sentencing if he pled guilty to the charges. He maintained he was innocent of the charges and stated that if he had not been guaranteed a form of alternative sentencing, he would have insisted on a trial.

The petitioner acknowledged that at the plea hearing, he informed the trial court that he was satisfied with defense counsel's representation and that he had met with defense counsel and discussed the case. The petitioner further acknowledged the trial court explained alternative sentencing was not guaranteed.

The petitioner stated he was aware that the trial court wanted him to serve a portion of his sentence before it reconsidered alternative sentencing. He stated defense counsel never filed a motion to reconsider alternative sentencing. He further stated defense counsel never explained the trial court would lose jurisdiction over him if he were transferred to the TDOC.

### III. POST-CONVICTION COURT'S FINDINGS

In its thorough written order denying relief, the post-conviction court found defense counsel provided the petitioner with adequate assistance by meeting and discussing the case with him and evaluating the state's proof at the preliminary hearing. The court noted the petitioner stated he was satisfied with defense counsel's representation and that he felt she adequately met and discussed the case with him.

The post-conviction court expressly accredited defense counsel's testimony that she did not assure the petitioner that he would receive alternative sentencing. The court noted that at the plea hearing, the petitioner was again informed that although defense counsel may request alternative sentencing, it was not guaranteed to be granted.

The post-conviction court found defense counsel exercised proper judgment in determining that filing a motion to reconsider alternative sentencing within a few months after the sentencing hearing would be futile. The court further found the petitioner failed to establish prejudice in defense counsel's failure to file the motion. The court noted that due to the petitioner's extensive

criminal history,[3] along with the fact that the present offenses were committed while he was on probation, alternative sentencing would not have been granted.

The post-conviction court refused to accredit the petitioner's testimony that he would not have entered the pleas had he not been guaranteed alternative sentencing. The court noted the petitioner acknowledged that prior to entering the pleas, he was informed that there was no guarantee of alternative sentencing. The court found the petitioner understood the consequences of pleading guilty to the offenses; his decision was not coerced; and he was aware of the possible sentence. The court concluded the petitioner knowingly and voluntarily entered the guilty pleas.

## IV.  INEFFECTIVE ASSISTANCE OF COUNSEL

The petitioner contends defense counsel was ineffective in failing to explain to him the consequences of entering the guilty pleas and in failing to file a motion to reconsider alternative sentencing. We disagree.

### A.  Standard of Review

For a petitioner to successfully overturn a conviction based on ineffective assistance of counsel, the petitioner must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, the petitioner must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Should the petitioner fail to establish either factor, the petitioner is not entitled to relief. Our supreme court described the standard of review as follows:

> Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component.

Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996) (citing Strickland, 466 U.S. at 697, 104 S. Ct. at 2069). The petitioner is not entitled to the benefit of hindsight; the petitioner may not second-guess a reasonably based trial strategy; and the petitioner may not criticize a sound, but unsuccessful, tactical decision made after adequate preparation for the case. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *see* Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

In Hill v. Lockhart, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), the Supreme Court applied the two-part Strickland standard to ineffective assistance of counsel claims arising out of

---

[3]The presentence report reflects the petitioner had the following prior convictions: four felony drug convictions, six misdemeanor drug convictions, failing to appear, misdemeanor theft, two contempts of court, and other juvenile adjudications. There is little wonder as to why alternative sentencing was not granted.

a guilty plea. The Court in <u>Hill</u> modified the prejudice requirement by requiring a petitioner to show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. 474 U.S. at 59, 106 S. Ct. at 370; <u>Nichols v. State</u>, 90 S.W.3d 576, 587 (Tenn. 2002).

The petitioner bears the burden of proving his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). The findings of fact made by the post-conviction court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. *See* <u>Fields v. State</u>, 40 S.W.3d 450, 457 (Tenn. 2001).

## B. Failure to Explain Consequences of Entering Pleas

The petitioner asserts defense counsel assured him that he would receive alternative sentencing if he entered the guilty pleas. However, in its written findings, the post-conviction court accredited defense counsel's testimony that although she informed the petitioner he would be eligible for alternative sentencing if he entered the guilty pleas, she did not assure the petitioner that he would receive alternative sentencing. The post-conviction court further noted that during the plea hearing, the trial court explained to the petitioner that alternative sentencing was not guaranteed. The evidence does not preponderate against the findings of the post-conviction court.

Next, the petitioner asserts defense counsel was ineffective in failing to inform him prior to the plea hearing that upon imposing incarceration, the trial court would lose jurisdiction over him if he were transferred from the county jail to the TDOC. *See* Tenn. Code Ann. § 40-35-212(d) (providing that the trial court retains jurisdiction over a defendant sentenced to the TDOC until he or she is transferred to the department). Defense counsel testified that prior to the plea hearing, she and the petitioner discussed his prior record, the applicable sentencing range, and the possible manners in which the trial court may have ordered the petitioner to serve his sentence. Based on the circumstances, we are unable to conclude defense counsel was deficient in failing to inform the petitioner of the trial court's jurisdictional limitations prior to the plea hearing.

## C. Failure to File a Motion to Reconsider Alternative Sentencing

The petitioner contends defense counsel was ineffective in failing to file a motion to reconsider alternative sentencing and in failing to inform him prior to his transfer to the TDOC of the trial court's jurisdictional limitations. However, the post-conviction court found defense counsel properly exercised her judgment and determined that filing a motion to reconsider alternative sentencing only a few months after the sentencing hearing would have been futile. The proof presented at the post-conviction relief hearing reflects that defense counsel made a sound, tactical decision. *See* <u>Adkins</u>, 911 S.W.2d at 347. Therefore, the petitioner has failed to establish defense counsel was deficient.

Regardless, the post-conviction court further found the petitioner failed to establish prejudice because alternative sentencing would not have been granted had a motion to reconsider been filed. The post-conviction court noted the petitioner had an extensive history of criminal convictions. *See* Tenn. Code Ann. § 40-35-103(1)(A). As previously noted, the petitioner's prior criminal record,

especially for drug offenses, was abominable.[4]  Furthermore, measures less restrictive than confinement had been unsuccessfully applied to the petitioner.  *See id.* at (1)(B).  The post-conviction court noted the petitioner committed the present offenses while on probation, and the community corrections report reflects that his probation was revoked as a result.  Because alternative sentencing would have been denied even if a motion to reconsider had been filed, the petitioner has failed to establish prejudice.  *See* Strickland, 466 U.S. at 693.

## V.  INVOLUNTARY GUILTY PLEA

The petitioner proclaims he entered the guilty pleas without sufficient knowledge of the consequences, and his lack of knowledge was attributable to the ineffectiveness of defense counsel. We disagree.

In examining whether a plea was knowingly and voluntarily entered, our supreme court has stated the following:

> The cases of Boykin v. Alabama and State v. Mackey are the landmark constitutional cases for analyses of guilty pleas. Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969) (federal standard); State v. Mackey, 553 S.W.2d 337 (Tenn. 1977) (state standard). In Boykin, the United States Supreme Court held that before a trial judge can accept a guilty plea, there must be an affirmative showing that it was given intelligently and voluntarily. *Id.* at 242, 89 S. Ct. at 1711, 23 L. Ed. 2d at 279. In order to find that the plea was entered "intelligently" or "voluntarily," the court must "canvass[ ] the matter with the accused to make sure he has a full understanding of *what the plea connotes* and *of its consequences.*" *Id.* at 244, 89 S. Ct. at 1712, 23 L. Ed. 2d at 280 (emphasis added).
>
> Likewise, in Mackey, this Court held that "the record of acceptance of a defendant's plea of guilty must affirmatively demonstrate that his decision was both voluntary and knowledgeable, i.e., that he has been made aware of the significant consequences of such a plea. . . ." 553 S.W.2d at 340.

State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999).  In determining the voluntary and knowing nature of a guilty plea, the appellate court must examine all relevant circumstances which existed when the plea was entered.  Brady v. United States, 397 U.S. 742, 749, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970); State v. Turner, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995).

The post-conviction court accredited defense counsel's testimony that she did not guarantee alternative sentencing. Defense counsel's failure to file a futile motion to reconsider alternative sentencing after the defendant pled guilty and was sentenced did not in any way relate to the voluntariness of the plea.  Further, the post-conviction court found the petitioner understood the

---

[4]*See* n.1.

consequences of pleading guilty to the offenses and that his decision to enter the pleas was not coerced. The court noted that at the plea hearing, the trial court informed the petitioner of the applicable range of punishment and the possible manners of service. The post-conviction court further noted the trial court warned the petitioner that there was no guarantee that alternative sentencing would be granted. Finally, the post-conviction court found the petitioner knowingly and voluntarily entered the guilty pleas. We agree. The evidence does not preponderate against the findings of the post-conviction court.

## VI. CONCLUSION

In summary, we conclude the petitioner has waived these issues by failing to include a transcript of the plea hearing in the appellate record. Regardless of waiver, we further conclude the petitioner received effective assistance of counsel and knowingly and voluntarily entered his guilty pleas. Accordingly, we affirm the judgment of the post-conviction court.

_____
JOE G. RILEY, JUDGE